IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON FLOWERS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff*, | § § § | |
| | § | C.A. NO. 4:11-cv-01235 |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| MGTI, LLC a/k/a MO'S STEAKHOUSE, NARF HOU, LLC a/k/a MO'S A PLACE FOR STEAKS, and JOHN A. VASSALLO, | § § § § § | |
| *Defendants*. | § § | |

**PLAINTIFF  SHARON FLOWERS'  MOTION FOR CLASS CERTIFICATION
AND EXPEDITED DISCOVERY**

# TABLE OF CONTENTS

Table of Authorities .................................................................................................... iii

I.   Summary of the Argument ................................................................................ 4

II.  Summary of FLSA Violations ........................................................................... 6

    A.  Narf Hou, LLC a/k/a Mo's A Place for Steaks and Its Owner John A. Vassallo
       Habitually Failed to Pay Its Wait Staff Overtime and For All Hours Worked. ...... 6

    B.  Narf Hou, LLC a/k/a Mo's A Place for Steaks and Its Owner John A. Vassallo
       Required Unlawful Tip Pooling With Un-customarily Tipped Employees Such As
       Expediters ............................................................................................................ 8

III. The Analytical Framework .............................................................................. 10

    A.  Conditional Certification Is The Preferred Methodology ................................... 10

    B.  The Key Issue Is Whether Employees Are Similarly Situated ............................ 11

    C.  Defendant Has The Right To Move To Decertify Later ..................................... 13

IV.  The Issuance of Notice Is Appropriate In This Case As Plaintiff Meets the Similarly
     Situated Standard ............................................................................................. 14

    A.  There Are Other Similarly Situated Employees Who May Desire To Opt In ....... 14

    B.  The Other Potential Class Members Are Similarly Situated With Respect To Their
       Relevant Job Requirements and Pay Practices ...................................................... 15

    C.  Plaintiffs Have Carried Their Burden Of Demonstrating A Reasonable Basis For
       A Collective Action .............................................................................................. 16

V.   Notice Should Be Expedited Due To the Running of the Statute of Limitations ....... 18

VI.  The Proposed Notice Is Fair and Accurate .................................................... 19

VII. The Proposed Limited Discovery Is Essential To Ensure Timely Notice ............... 20

VIII. Conclusion ..................................................................................................... 21

Certificate of Service ............................................................................................ 22

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alba v. Madden Bolt Corp.,*
   No. 4:02-cv-01503 (S.D. Tex. Jun. 5, 2002) .................................................. 8, 13, 17

*Allen v. McWane, Inc.,*
   2006 U.S. Dist. LEXIS 81543 (E.D. Tex. Nov. 7, 2006) ......................................... 8

*Barcelona v. Tiffany English Pub., Inc.,*
   597 F.2d 464, 467 (5th Cir. 1979) .......................................................... 7

*Baum v. Shoney's Inc.,*
   1998 U.S. Dist. LEXIS 21484 (M.D. Fla. Dec. 3, 1998) .................................... 14

*Belcher v. Shoney's, Inc.,*
   927 F.Supp. 249 (M.D. Tenn. 1996) ......................................................... 9, 15, 17

*Brennan v. Modern Chevrolet Co.,*
   363 F. Supp. 327, 333 (N.D. Tex. 1973), aff'd 491 F.2d 1271 (5th Cir. 1974) ....... 7

*Brooks* v. *Bellsouth Telecomm.,*
   164 F.R.D. 561 (N.D. Ala. 1995).......................................................... 10

*Coreas v. C & S Ranch,*
   No. 5:97-cv-00030 (S.D. Tex. May 16, 1997) ....................................... 13

*Dybach v. Florida Dep't. of Corrections,*
   942 F.2d 1562 (11th Cir. 1991)........................................................... 8, 9

*Falcon v. Starbuck Corp.,*
   580 F.Supp.2d 528 (S.D. Tex. 2005) ..................................................... 8

*Gardner v. Assocs. Commercial Corp.,*
   2000 U.S. Dist. LEXIS 22804 (S.D. Tex. Dec. 19, 2000) .............................. 10, 13

*Garner v. G.D. Searle Pharm. & Co.,*
   802 F.Supp. 418 (M.D. Ala. 1991) ..................................................... 9, 16, 17

*Grayson v. Kmart Corp.,*
   79 F.3d 1086 (11th Cir. 1996)........................................................ passim

*Harper v. Lovett's Buffet, Inc.,*
   185 F.R.D. 358 (M.D. Ala. 1999) ...................................................... 10

*Harrison v. Enterprise Rent-A-Car Co.*,
    1998 U.S. Dist. LEXIS 13131 (M.D. Fla. Jul. 1, 1998)..............................................14

*Herrera v. Unified Mgmt. Corp.*,
    2000 U.S. Dist. LEXIS 12406 (N.D. Ill. Aug. 17, 2000)...........................................16

*Hipp v. Liberty Nat'l Life Ins. Co.*,
    164 F.R.D. 574 (M.D. Fla. 1996) ......................................................................9, 17

*Hipp v. Liberty Nat'l Life Ins. Co.*,
    252 F.3d 1208 (11th Cir. 2001) ..................................................................................8

*Hoffman-La Roche, Inc. v. Sperling*,
    493 U.S. 165 (1989) ...............................................................................11, 16, 17

*King v. GE Co.*,
    960 F.2d 617 (7th Cir. 1992) ......................................................................................8

*Krueger v. New York Tel. Co.*,
    1993 WL 276058 (S.D.N.Y. Jul. 21, 1993) ...........................................................10

*Marchan v. Taqmex, Inc.*,
    No. 4:02-cv-04167 (S.D. Tex. Dec. 16, 2002) ......................................................13

*Mertz v. Treetop Enter., Inc.*,
    1999 U.S. Dist LEXIS 18386 (N.D. Ala. Mar. 2, 1999) ........................................14

*Mooney v. Armco Servs. Co.*,
    54 F.3d 1207 (5th Cir. 1995) ...........................................................................passim

*Realite v. Ark Restaurants Corp.*,
    7 F.Supp.2d 303 (S.D.N.Y. 1998)..........................................................................14

*Reich v. Davis*,
    50 F.3d 962 (11th Cir. 1995)...................................................................................16

*Roussell v. Brinker Int'l, Inc.*,
    2011 U.S. App. LEXIS 19027 (5th Cir. Tex. Sept. 14, 2011) ..................................6

*Schwartz v. MCI Telecomm. Corp.*,
    No. 4:98-cv-01574 (S.D. Tex. Feb. 17, 1999) ......................................................13

*Schwed v. GE*,
    159 F.R.D. 373 (N.D.N.Y. 1995) ...........................................................................10

*Shain v. Armour & Co.*,
    40 F.Supp. 488 (W.D. Ky. 1941) .................................................................. 9

*Sperling v. Hoffman-La Roche, Inc.*,
    118 F.R.D. 392 (D.N.J. 1988) ............................................................... 10, 11

*Tennessee Coal, Iron & R.R. Co., v. Muscoda Local No. 123*,
    321 U.S. 590, 598 (1944) ........................................................................... 4

*Thiess v. GE Capital Corp.*,
    267 F.3d 1095 (10th Cir. 2001) ................................................................. 8

*Tucker v. Labor Leasing, Inc.*,
    872 F.Supp. 941 (M.D. Fla. 1994) ............................................................ 9

*Villatoro v. Kim Son Rest., L.P.*,
    286 F.Supp.2d 807 (S.D. Tex. 2003) ................................................ 3, 8, 13

*Zhao v. Benihana, Inc.*,
    2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. May 7, 2001) ......................... 14

## Statutes

29 U.S.C. § 203(m) ......................................................................... 5, 6, 7

29 U.S.C. § 206(a) .............................................................................. 4

29 U.S.C. § 215(a)(3) ........................................................................ 16

29 U.S.C. § 216(b) ......................................................................... 9, 18

29 U.S.C. § 255(a) ............................................................................ 15

29 U.S.C. § 256(b) ............................................................................ 15

## Rules

FED. R. CIV. P. 20(a) ........................................................................... 9

FED. R. CIV. P. 23 ........................................................................ passim

FED. R. CIV. P. 26(b)(1) ................................................................... 18

## Regulations

29 C.F.R. § 790.21(b)(2)(ii) .............................................................. 19

TO THE HONORABLE JUDGE:

COMES NOW, Plaintiff SHARON FLOWERS ("Flowers" or "Plaintiff"), individually and on behalf of all others similarly situated current and former employees of NARF HOU, LLC a/k/a MO'S A PLACE FOR STEAKS, and John A. Vassallo ("MO's" or "Defendant"), and files this Motion for Class Certification and Expedited Discovery.  In support thereof, Plaintiff would respectfully show the Court as follows:

## I.
## SUMMARY OF THE ARGUMENT

On April 6, 2011, Plaintiff Sharon Flowers filed a putative collective action lawsuit under the Fair Labor Standards Act ("FLSA") alleging that Defendants Narf Hou, LLC a/k/a Mo's A Place for Steaks and John A. Vassallo: 1) failed to pay her for all hours worked, 2) failed to pay overtime wages as required by law, 3) improperly maintained a tip pool under which some of her tips were involuntarily shared with non-tipped employees such as expos; and 4) required her to utilize her tips to pay for, broken glasses, and walked tabs.[1] (Docket Entry No. 1).  Allison Kidd and Morgan Goen joined the lawsuit on October 27, 2011 and make the same claims.  See Ex. A, Affidavit of Morgan Goen.  Flowers contends other waitstaff are similarly situated.

At this phase of the litigation, Plaintiff Sharon Flowers, along with Allison Kidd and Morgan Goen seek to notify other employees of Defendants Narf Hou, LLC a/k/a Mo's A Place for Steaks and John A. Vassallo of their right to recover their unpaid wages, unpaid overtime wages, and compensation lost due to the illegal tip pooling by

---

[1] Thereafter, on December 12, 2011, during the discovery hearing with the Court, the Court ordered Plaintiff to add Ms. Kidd and Ms. Goen as named Plaintiffs in this matter. As a result, on December 20, 2011, Plaintiff filed an Amended Complaint followed the Court's order.

joining this lawsuit.  Accordingly, it is important to note that this lawsuit is a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA.  This is not a class action under FED R. CIV. P. 23.  Section 216(b) collective actions have an "opt-in" requirement, which means that only employees who fill out consent forms and file them with the Court may join the lawsuit.  *See*, 29 U.S.C. § 216(b).  By contrast, Rule 23 makes class participation mandatory unless class members affirmatively "opt-out" of the action.  *See*, FED R. CIV. P. 23.  Therefore, courts have found that plaintiffs in FLSA collective actions need not satisfy Rule 23 requirements of numerosity, commonality, commonality of issues, typicality of claims, and adequacy of representation.  *See, e.g.*, *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) ("Although not at issue in this case, it is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirement for class action under Rule 23 of the Federal Rules of Civil Procedure.").

Flowers brings this action on behalf of herself and all other similarly situated employees of Defendants.  The similarly situated employees who may join this action as opt-in plaintiffs are:

> All current and former servers or any other employee who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendants during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and (3) were compensated on any basis where they were not properly paid for all hours worked at the minimum wage or at a rate of time and a half for hours worked in excess of forty (40).

Furthermore, these employees were classified as non-exempt pursuant to the FLSA but were not paid all hours worked and now seek payment for such wages and overtime wages (collectively referred to as "the Employees").

To facilitate the development of a collective action, courts authorize the issuance of notice to potential class members.  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *Villatoro v. Kim Son Rest*., *L.P.*, 286 F.Supp.2d 807, 809 (S.D. Tex. 2003).  This collective action focuses on a cohesive group of employees who worked for the Defendants and who were subjected to the same illegal pay practices.  Because all of Defendants' above-described employees were subjected to the same type of pay practices, they are not merely similarly situated—they are identically situated.  As such, the wage and overtime and tip pooling claims presented in this case can and should be adjudicated on a collective action basis.

## II.
## SUMMARY OF FLSA VIOLATIONS

**A.    NARF HOU, LLC A/K/A MO'S A Place for Steaks and Its Owner John A. Vassallo Habitually Failed to Pay Its Wait Staff Overtime and For All Hours Worked.**

Defendant Narf Hou, LLC a/k/a Mo's A Place for Steaks, owned by Defendant John Vassallo, is an upscale steak house located in Houston, Texas and Milwaukee, Wisconsin.  It employs over three hundred employees at the Houston location.  See, Ex. B, Employee List.  Ms. Flowers, Ms. Kidd, and Ms. Goen were a part of Defendants' wait staff and they were not paid for all hours worked and were not paid for all hours worked over forty hours, and had to participate in illegal tip pooling with the expediters.

6

See, Ex. C, Affidavit of Sharon Flowers at ¶¶ 6, 9 ; Ex. A, Affidavit of Morgan Goen at ¶¶ 5, 6, 8.

The FLSA requires employers to pay employees for all hours worked.  29 U.S.C. § 206(a).  The FLSA does not define work, but the Supreme Court has held that work is any "physical or mental exertion … controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business."  *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944).  The FLSA was intended to invalidate "customs and contracts which allow an employer to claim all of an employee's time while compensating him for only part of it."  *Id*. at 602.

1.  *For All Hours Worked.*

Ms. Flowers was employed as a waitress for Defendants from November 2008 to April 2011. Her schedule varied.  Although the restaurant was open from Monday through Saturday, 4:00 p.m. to 1:00 a.m. or 2:00 a.m. in the morning, Ms. Flowers was usually required to arrive at work at 2:00 p.m. Upon arrival, she would immediately begin to prepare for the night, including cleaning the glasses and tables.  At the end of her shift, she would continue cleaning the tables and glasses as well as fold napkins. Ms. Flowers was never paid at a rate of $7.25 per hour for the time in which she prepared for her shift and post shift work. She would leave at approximately 1:00 a.m. or 2:00 a.m.; sometimes, she remained until well after closing, such as 3:00 a.m.  She typically worked five to six shifts per week, although all of the hours are not reflected on her checks.  Ms. Flowers was not compensated for her attendance at mandatory meetings nor for John

Vassallo's private parties either.  The affidavit of Morgan Goen mirrors Ms. Flowers' claims.

  *2. Overtime Was Not Paid.*

  Although Ms. Flowers worked at least fifty hours per week, her pay checks rarely reflect any overtime.  In fact, her paychecks grossly misrepresented the true number of hours that she as well as Ms. Kidd and Ms. Goen actually worked.  According to Ms. Goen, she worked approximately forty-five (45) hours or more per week as her scheduled demanded, as well as pre and post shift work, and uncompensated training.  See Ex. A, Affidavit of Morgan Goen at ¶¶ 5-7.

**B. NARF HOU, LLC A/K/A MO'S A PLACE FOR STEAKS And Its Owner John A. Vassallo Unlawfully Required Tip Pooling With Un-Customarily Tipped Employees Such As Expediters.**

  The FLSA permits employers to pay a sub-minimum wage to employees who "customarily and regularly receive tips." 29 U.S.C. § 203(m).  Employers may not avail themselves of the sub-minimum wage unless "all tips received by [a tipped] employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." *Id.*  The plaintiffs contend that they did not retain all of their tips because they were forced to pool their tips with employees who did not customarily and regularly receive tips. See Ex. A, Affidavit of Morgan Goen at ¶6 and Ex. C, Affidavit of Sharon Flowers at ¶ 6.

  The tip-ineligible employees are known as "expediters" or "expos", employees that garnished the plates and announced the orders were ready, even when the employee

was not in attendance.  This particular issue is akin to the tip pooling issue in *Roussell v. Brinker Int'l, Inc*., 2011 U.S. App. LEXIS 19027 (5th Cir. Tex. Sept. 14, 2011).   In *Brinker*, fifty-five similarly situated servers could not be decertified because the restaurant failed to prove that it operated a legal tip pool when it coerced all of the similarly situated servers to share their tips with expediters, customarily non-tipped employees.  *Roussell v. Brinker Int'l, Inc*., 2011 U.S. App. LEXIS 19027 (5th Cir. Tex. Sept. 14, 2011).

In addition to requiring that they share their tips with customarily non-tipped employees, Flowers along with the other similarly situated servers had their tips reduced for glass breakage and tabs the patrons refused to pay, which is in violation of 29 U.S.C. § 203(m). See *Chisolm v. Gravitas Rest. Ltd*., 2008 U.S. DIST. LEXIS 28254 (S.D. Tex. Mar. 25, 2008).   In *Chisolm*, the court addressed whether the restaurant's one-dollar deduction for glass breakage from Plaintiffs' wages violated the FLSA. The Court discerned that to determine the answer to that issue, it had to consider the "real issue" which was  whether the glass-breakage fee is a facility that may be considered as part of a server's wages under 29 U.S.C. § 203(m). *Id.* If a "facility" is considered as part of an employee's wage, an employer may take credit for that benefit as an offset to paying the minimum wage.  *Id.*  Under the FLSA, an employer may count the "reasonable cost . . . to the employer of furnishing [an] employee with board, lodging, or other facilities. . . ." 29 U.S.C. § 203(m).  In *Shultz v. Hinojosa*, 432 F.2d 259, 267 (5th Cir. 1970), the court interpreted "other facilities" to be *in pari materia* with the preceding words "board and lodging." This has been interpreted as requiring that the "facility" be primarily for the

benefit of the employee, rather than the employer. *Brennan v. Modern Chevrolet Co.*, 363 F. Supp. 327, 333 (N.D. Tex. 1973), aff'd 491 F.2d 1271 (5th Cir. 1974).

There is no information in the record that indicates that the glass breakage fee or the walked tab fee is in the nature of board and lodging to make these deductions consistent with the applicable regulations. Therefore, the court should find that not only is the glass-breakage fee not a facility furnished for the benefit of its wait staff, but the fee for the walked tabs, was not either. Further, neither should constitute a proper credit against wages under 29 U.S.C. § 203(m).[2]

## III.

## THE ANALYTICAL FRAMEWORK

### A.    Conditional Certification Is The Preferred Methodology.

Some courts have previously suggested the use of FED. R. CIV. P. 23 in making the determination of whether to certify a putative collective action rather than making use of the two-stage class certification procedure developed in recent case law. Although the United States Court of Appeals for the Fifth Circuit has suggested that determination of "methodology" would be reviewed *de novo,* it has, to date, expressly declined to decide which methodology is appropriate for use in *collective* actions. *Mooney v. Armco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995). The practice of courts in the Eastern and Southern Districts of Texas, however, has been to employ a two-stage certification approach. *See, e.g., Falcon v. Starbuck Corp.,* 580 F.Supp.2d 528, 534 (S.D. Tex. 2005);

---

[2] Defendants in the present matter, as the employer, bear the burden of proving its entitlement to a tip credit. *Barcellona v. Tiffany English Pub., Inc.,* 597 F.2d 464, 467 (5th Cir. 1979)("On May 1, 1974, the Act was amended to place the burden of proving the amount of tips received on the employer for purposes of allowing the fifty percent tip credit.").

*see also*, *Alba v. Madden Bolt Corp.,* No. 4:02-cv-01503 (S.D. Tex. June 5, 2002) (J. Hoyt); *see also*, *Allen v. McWane, Inc.*, 2006 U.S. Dist. LEXIS 81543 at *11-14 (E.D. Tex. Nov. 7, 2006) (J. Ward).

Several judges in the Southern District—including Judges Harmon, Atlas, Gilmore, Hughes, Lake, Rainey, Rosenthal and Werlein—have primarily utilized the two-stage collective action certification procedure.  Moreover, the practice employed by the Southern District of Texas has been expressly adopted by every federal appellate court that addressed the issue—both prior to and following *Mooney.  See, e.g., Thiess v. GE Capital Corp.,* 267 F.3d 1095, 1105 (10th Cir. 2001); *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001); *King v. GE Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *see also*, *Villatoro,* 286 F.Supp.2d at 809-10 (discussing appellate decisions regarding the proper approach to certifying a collective action).  Therefore, Plaintiff will address only the methodology preferred by the Southern District of Texas.

## B.   The Key Issue Is Whether Employees Are Similarly Situated.

The "collective action" provision of the FLSA allows one or more employees to bring an action for unpaid wages and unpaid overtime wages "on behalf of themselves and other employees similarly situated."  29 U.S.C. § 216(b); *Mooney,* 54 F.3d at 1216; *Dybach v. Florida Dep't. of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991).  "The evident purpose of the FLSA is to provide one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other."  *Shain v. Armour & Co.,* 40 F.Supp. 488, 490 (W.D. Ky. 1941).

For an opt-in class to be certified under 29 U.S.C. § 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney*, 54 F.3d at 1213-14; *Grayson*, 79 F.3d at 1086. Plaintiff's claims and positions need not be identical to the potential opt-ins' claims, they need only be similar. *Grayson*, 79 F.3d at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994). Plaintiffs need only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons exists. *Grayson*, 79 F.3d at l097.

Accordingly, court-facilitated notice to the "class" regarding FLSA collective action litigation is warranted when a plaintiff demonstrates that there exist others who may wish to opt-in and who are "similarly situated" with respect to his or her job requirements and pay provisions. *See, e.g.*, *Garner v. G.D. Searle Pharm. & Co.*, 802 F. Supp. 418, 419 (M.D. Ala. 1991); *Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D. 574, 575-76 (M.D. Fla. 1996); *see also*, *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996); *see also*, *Dybach*, 942 F.2d at 1567-68. **The standard for collective action notice is thus a "*lenient one*."** *Mooney*, 54 F.3d at 1213-14 (emphasis added). "It is considerably 'less stringent' than the proof required pursuant to FED. R. CIV. P. 20(a) for a joinder or FED R. CIV. P. 23 for class certification." *Grayson*, 79 F.3d at 1096.

At the notice stage, courts usually determine whether a named plaintiff and potential opt-ins are "similarly situated" based upon detailed allegations in the complaint along with whatever evidence may be available. *See*, *Mooney*, 54 F.3d at 1213-14; *see also*, *Gardner v. Assocs. Commercial Corp.*, 2000 U.S. Dist. LEXIS 22804

at *6 (S.D. Tex. Dec. 19, 2000) (J. Harmon); *see also*, *Brooks* v. *Bellsouth Telecomm.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *see also*, *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406-07 (D.N.J. 1988), *aff'd* 493 U.S. 165 (1989).   Notably, a defendant's rebuttal evidence does not bar section 216(b) notice; a plaintiff's substantial allegations need only successfully engage the employer's affidavits to the contrary. *Grayson*, 79 F.3d at 1099 n.17.

## C.    Defendants Have The Right To Move To Decertify Later.

Once the Court makes the preliminary determination that potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery.  *Mooney*, 54 F.3d at 1214 n.7.  After preliminary certification, discovery is relevant both as to the merits of the case and for the second step in the collective action procedure where the court evaluates any conflicting evidence developed in discovery and tests the validity of the preliminary decision made at the notice stage.  *See*, *Schwed v. GE*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995) ("[E]ven where later discovery proves the putative class members to be dissimilarly situated, notice … prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]."); *see also*, *Krueger v. New York Tel. Co.*, 1993 WL 276058 at *2 (S.D.N.Y. July 21, 1993) ("[E]ven if Plaintiffs' claims turn out to be meritless or, in fact, all Plaintiffs turn out *not* to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case.") (emphasis in original); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 365 (M.D. Ala. 1999) ("subsequent discovery may reinforce or undermine" the preliminary finding of similarly situated employees).

Indeed, allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406.  Once the notice and opt-in period is complete, the court will have the benefit of knowing the actual makeup of the collective action.  Thus, early notice will help the court to manage the case because it can "ascertain the contours of the action at the outset." *Hoffman-La Roche,* 493 U.S. at 172.

**IV.**
**THE ISSUANCE OF NOTICE IS APPROPRIATE IN THIS CASE**
**AS PLAINTIFF MEETS THE SIMILARLY SITUATED STANDARD**

Plaintiff Sharon Flowers  easily meets the liberal standard for court facilitation of an FLSA collective action.  The accompanying affidavits, and other evidence establish that there are other employees who should be given the opportunity to "opt-in" and that they are "similarly situated" because they held the same or similar positions to that of Plaintiff and were subject to the same pay practices of Defendants.

**A.    There Are Other Similarly Situated Employees Who May Desire To Opt In.**

The current state of the record makes it evident that there are other employees who may desire to opt-in to this collective action.  As previously noted, Defendants have two locations, one in Houston, Texas and the other in Milwaukee, Wisconsin.    Ms. Flowers, Ms. Kidd, and Ms. Goen have all provided some names of other individuals that had the same duties and position as they did.  See Ex. C, Affidavit of Sharon Flowers at ¶ 11; Ex. A, Affidavit of Morgan Goen at ¶ 10.  Further, Defendant has already produced a list of employees who are similarly situated who were subjected to the same uniform

14

payroll practices while in the employ of Defendants; they may be interested in joining this lawsuit.

**B.     The Other Potential Class Members Are Similarly Situated With Respect To Their Relevant Job Requirements and Pay Practices.**

In the case at bar, the alleged violations were suffered across the board by non-exempt waiters and servers, regardless of when and where employed.  These violations arise from a company-wide practice of Defendants and, as such, establishes a pattern or practice experienced not only by the current Plaintiffs, but also by each potential class member. Flowers, Kidd, and Goen, and all other similarly situated employees were not paid for all hours worked and/or required to work more than forty (40) hours per workweek but were not paid overtime wages for such work.  Further, their tips were used in an illegal tipping pool to compensate expediters.  This was Defendants' uniform policy.  These facts make this case particularly suitable for § 216(b) collective action treatment.

Given that the proposed class is limited to employees who were subjected to an identical scheme of non-payment of wages and overtime wages and an illegal tip pooling scheme and that this motion is supported with Plaintiff's sworn testimony and other evidence, it is clear that all potential class members are similarly situated in all relevant respects.  At this stage, Plaintiff need only demonstrate "some factual nexus which binds the named Plaintiff and the potential class members together … ." *Mooney*, 54 F.3d at 1214.    Accordingly, Plaintiff Flowers as well as the other opt-ins have demonstrated a "factual nexus" between herself and the potential class members.

C.     **Plaintiffs Have Carried Their Burden Of Demonstrating A Reasonable Basis For A Collective Action.**

Collective action certification and court-supervised notice regarding the pendency of this lawsuit to the putative class is well warranted here since Plaintiff has more than demonstrated a "reasonable basis" for the class allegations.  *See*, *Grayson*, 79 F.3d at 1097.  First, Plaintiff provided specific and detailed allegations in the Complaint regarding Defendants' violations of the law.  Second, Plaintiff amply supported her allegations contained in the Complaint with sworn testimony and other evidence.  Finally, Plaintiff has limited his request for notice to only those hourly employees who are or were in a position similar to hers (i.e., waiter, waitress, server) and who were paid in a similar manner.  More importantly, the job duties of Plaintiff and the members of the putative class are such that, according to FLSA and the regulations promulgated thereto, they are eligible for overtime wages at a rate of one and one-half times their regular rate.

The amount and quality of evidence presented here is consistent with the evidence found sufficient to warrant pre-discovery notice by courts in the Eastern and Southern District of Texas.  *See, e.g., Alba v. Madden Bolt Corp.,* No. 4:02-cv-01503 (S.D. Tex. June 5, 2002) (J. Hoyt) (one affidavit sufficient); *Villatoro*, 286 F.Supp.2d at 810-11 (J. Atlas) (one affidavit plus employer documents sufficient); *Gardner*, 2000 U.S. Dist. LEXIS 22804 at *7 (J. Harmon) (detailed allegation sufficient); *Marchan v. Taqmex, Inc.*, No. 4:02-cv-04167 (S.D. Tex. December 16, 2002) (J. Hughes) (one affidavit sufficient); *Schwartz v. MCI Telecomm. Corp.*, No. 4:98-cv-01574 (S.D. Tex. February 17, 1999) (J. Werlein) (one affidavit sufficient); *Coreas v. C & S Ranch*, No. 5:97-cv-00030 (S.D. Tex. May 16, 1997) (J. Kazen) (one affidavit sufficient); *see also*, *Zhao v. Benihana, Inc.*, 2001

16

U.S. Dist. LEXIS 10678 at *12-13 (S.D.N.Y. May 7, 2001) (one affidavit based on the employee's "best knowledge" sufficient).

Again, Plaintiff need only establish a "colorable basis for a representative suit" by making a "modest factual showing" that he is similarly situated to those for whom he seeks to send notice. *Mertz v. Treetop Enter., Inc.*, 1999 U.S. Dist LEXIS 18386 at *7 (N.D. Ala. March 2, 1999); *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998). Plaintiff's detailed allegations supported by her own sworn testimony as well as the other evidence more than satisfies the "lenient" standard for § 216(b) collective action notice. *Mooney*, 54 F.3d at 1213-14; *Harrison v. Enterprise Rent-A-Car Co.*, 1998 U.S. Dist. LEXIS 13131 at *12 (M.D. Fla. July 1, 1998).

Plaintiff has shown that Defendants have a company-wide policy which resulted in Defendants Narf Hou, LLC a/k/a Mo's A Place for Steaks and John Vassallo's failure to compensate its employees for all hours worked and for overtime hours worked at the applicable rate as required by the FLSA, and for requiring employees to pay expediters out of their tips. The evidence demonstrates that all waiters, waitresses, and servers are similarly situated and subject to a uniform payroll policy. Accordingly, Plaintiff's evidence more than justifies certification of this case as a collective action and court-supervised notice regarding the pendency of this lawsuit to all waiters, waitresses, and servers who were employed by Defendants during the three years immediately preceding the filing of this lawsuit. *See*, *Baum v. Shoney's Inc.*, 1998 U.S. Dist. LEXIS 21484 at *4 (M.D. Fla. Dec. 3, 1998) (while plaintiff need not show putative class members were

victimized by single decision, policy, or plan, such a showing is probative in determining whether potential class members are similarly situated).

## V.
## NOTICE SHOULD BE EXPEDITED DUE TO THE RUNNING OF THE STATUTE OF LIMITATIONS

Notice to the class should be expedited in this action in order to prevent the wasting of the Employees' claims. These claims are governed by a two-year statue of limitations or, in the case of a "willful violation" committed by a defendant, a three-year statute of limitations. 29 U.S.C. § 255(a). The statute of limitations is generally not tolled for any individual class member until that individual has filed with the court a written consent to take part in the lawsuit. 29 U.S.C. § 256(b); 29 C.F.R. § 790.21(b)(2)(ii); *Grayson*, 79 F.3d at 1105-06. Consequently, the statute of limitations diminishes the value of the Employees' claims with each passing day. The information contained in the proposed notice should therefore be issued as soon as possible to allow these employees to act to protect their interests. *See*, Ex. D, Proposed Notice to Potential Class Members. Without notice, the putative class members are unaware of their right to opt-in, and they are powerless to prevent their claims from wasting away.

Moreover, due to employee attrition or turnover, a number of potential class members likely no longer work for Defendants. Their whereabouts will be increasingly difficult to trace, and evidence may be lost with the passing of time. Notice should thus be expedited in this action to the maximum extent feasible and should be sent to all "similarly situated" employees who were employed by Defendants during the maximum three-year potential liability period. *See*, *Belcher*, 927 F. Supp. at 251 (ordering notice to all

employees who were employed within the maximum three-year statue of limitations); *see also*, *Herrera v. Unified Mgmt. Corp.*, 2000 U.S. Dist. LEXIS 12406 at *4-5 (N.D. Ill. Aug. 17, 2000) (same).

## VI.
## THE PROPOSED NOTICE IS FAIR AND ADEQUATE

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche*, 493 U.S. at 170. Use of court-authorized notice also prevents "misleading communications." *Id.* at 172; *Garner*, 802 F.Supp. at 422.

Plaintiff's Proposed Notice to Potential Class Members is "timely, accurate, and informative" as required by the applicable case law. *Hoffman-La Roche*, 493 U.S. at 172. It provides notice of pendency of this action and of the opportunity to opt-in. Plaintiff's legal claims are accurately described. Potential class members are advised that they are not required to participate. The notice provides clear instructions on how to opt-in. It also accurately states the prohibition against retaliation or discrimination for participation in the FLSA action. 29 U.S.C. § 215(a)(3); *Reich v. Davis*, 50 F.3d 962, 964 (11th Cir. 1995).

Plaintiff requests the Court to authorize mailing of the Proposed Notice to Potential Class Members and Opt-In Consent Form to all In-Home Service Technicians who participated in the HDP and who were employed by Defendants at any time during the three years immediately preceding the filing of this lawsuit. *See*, Ex. E, Proposed Opt-In Consent Form. Plaintiff's counsel will oversee the mailing of such notices. Those class members

interested in participating would be required to file an executed opt-in consent form with the Court within ninety (90) days after the notices are mailed. This is consistent with the established practice for collective actions under § 216(b) of the FLSA. *Hoffman-La Roche*, 493 U.S. at 172; *Garner*, 802 F.Supp. at 422 (cut-off date expedites resolution of action).

## VII.
## THE PROPOSED LIMITED DISCOVERY
## IS ESSENTIAL TO ENSURE TIMELY NOTICE

Discovery of a mailing list and contact information for class members is a routine component of notice in collective actions. *See*, *Alba v. Madden Bolt Corp.*, No. 4:02-cv-01503 (S.D. Tex. June 5, 2002) (J. Hoyt) (defendant required to produce the full name, last known address, telephone numbers, dates and location of employment for three years); *Hoffman-La Roche*, 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses … ."); *Grayson*, 79 F.3d at 1111 (ordering production of mailing list); *Belcher*, 927 F. Supp. at 252 (same); *Hipp*, 164 F.R.D. at 576 (same). Indeed, such a mailing list is essential to the facilitation of timely notice. *Hoffman-La Roche*, 493 U.S. at 170 ("timely notice" required).

Defendants should therefore be ordered to produce the last known addresses, phone numbers, dates of birth and social security numbers of all servers, waiters, and waitresses who were employed by Defendants at any time within the three years immediately preceding the filing of this action (i.e., from April 6, 2008, through the present). This information is discoverable as a matter of right even in the absence of a collective action, because these other employees are persons with relevant knowledge.

*See*, FED. R. CIV. P. 26(b)(1).  Therefore, requiring the production of such information would merely be making Defendants provide information that is otherwise discoverable.

All of the requested information is necessary, including social security numbers and dates of birth, in order for Plaintiff to confirm current addresses and to locate those persons who may have moved from their last known addresses.  Without this information, the notices are more likely to be returned due to outdated or inaccurate addresses.  If notices are returned as undeliverable, Plaintiff's counsel would necessarily request an extension of the opt-in period to accommodate those class members, thereby further delaying the timely resolution of this matter.  Finally, Plaintiff also requests that the Court order Defendant's designated representative to produce this list along with an affidavit.  *See*, Ex. F, Proposed Affidavit of Defendant's Representative.  The affidavit requires Defendant's representative to state, under oath and penalty of perjury, that the list is complete and accurate.

## VIII.
## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to: (1) conditionally certify this matter as a collective action pursuant to 29 U.S.C. § 216(b); (2) authorize mailing of the Notice to Potential Class Members and Opt-In Consent Form to all waiters, servers, and waitresses who were employed by Defendants at any time from April 6, 2008, through the present; and (3) require Defendants' representative(s) to produce under oath and under penalty of perjury, the names, addresses, phone numbers, dates of birth, and social security numbers of all such class members so that notice may be timely implemented.

21

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
     Melissa Ann Moore
     Federal Id. No. 25122
     State Bar No. 24013189
     Rochelle Owens
     Federal Id. No. 590507
     State Bar No. 24048704
     Lyric Center
     440 Louisiana Street, Suite 675
     Houston, Texas 77002
     Telephone:  713.222.6775
     Facsimile: 713.222.6739

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to all counsel of record on the 17th day of January 2012 via the Court's CM/ECF system.

/s/ Melissa A. Moore
Melissa Ann Moore