IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON FLOWERS, Individually and, On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-CV-01235 |
| MGTI, LLC a/k/a MO'S, STEAKHOUSE, NARF HOU, LLC a/k/a MO'S A PLACE FOR STEAKS, and JOHN A. VASSALLO, | § § § § § | |
| Defendants. | § § | JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION FOR CLASS CERTIFICATION AND EXPEDITED DISCOVERY**

GREGORY C. ROTA
**EBANKS HORNE ROTA MOOS LLP**
State Bar No.: 24000032
1301 McKinney Street, Suite 2700
Houston, Texas 77010
TELEPHONE: 713/333-4500
FACSIMILE:   713/333-4600
grota@ethlaw.com

ATTORNEY-IN-CHARGE FOR DEFENDANTS,
NARF HOU, LLC a/k/a MO'S A PLACE FOR
STEAKS, and JOHN A. VASSALLO

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ii

INDEX OF AUTHORITIES .........................................................................................iii

NATURE OF THE PROCEEDINGS...............................................................................1

ISSUES PRESENTED ....................................................................................................2

SUMMARY OF ARGUMENT.......................................................................................3

ARGUMENT...................................................................................................................3

A)    Class certification under section 216(b) of the Fair Labor Standards Act ...........................3

B)    Plaintiffs have failed to meet their burden of proof under rule 23 class action
      analysis ...................................................................................................................4

C)    Plaintiffs failed to meet their burden of proof under *lusardi*'s two-step approach ............5

       1)    List of Employees.......................................................................................6

       2)    Non-Party Affidavits .................................................................................8

D)    In the alternative, Plaintiffs' requested collective action certification should be
      limited to the Houston Mo's A Place for Steaks ...............................................9

E)    Plaintiffs' request for Defendants' employees' social security numbers and dates
      of birth impermissibly infringe on these employees' privacy interests without
      sufficient justification .........................................................................................12

CONCLUSION .............................................................................................................14

CERTIFICATE OF SERVICE......................................................................................16

## INDEX OF AUTHORITIES

<u>**Cases:**</u>

*Clark v. City of Fort Worth*,
    800 F. Supp.2d 776 (N.D. Tex. 2011) ....................................................... 7, 8, 9

*Delaney v. Geisha NYC, LLC*,
    261 F.R.D. 55 (S.D.N.Y. 2009) ...................................................................... 14

*Detho v. Bilal*,
    Civ. A. No. H-07-2160, 2008 WL 1730542 (S.D. Tex. Apr. 10, 2008) ............ 12

*Garner v. G.D. Searle Pharm. & Co.*,
    802 F.Supp. 418 (M.D. Ala. 1991) ................................................................... 5

*Guan Ming Lin v. Benihana Nat'l Corp.*,
    275 F.R.D. 165 (S.D.N.Y. 2011) ................................................................ 13, 14

*Harper v. Lovett's Buffet, Inc.*,
    1999 WL 39142 (M.D. Ala.) .......................................................................... 11

*Hipp v. Libery Nat'l Life Ins. Co.*,
    164 F.R.D. 574 (M.D. Fla. 1996) ..................................................................... 5

*Lusardi v. Xerox Corp.*,
    118 F.R.D. 351 (D.N.J. 1987) .......................................................................... 4

*McKnight v. D. Houston, Inc.*,
    756 F. Supp.2d 794 (S.D. Tex. 2010) (Rosenthal, J.) .............................. 4, 6, 12

*Meyers v. Pioneer Exploration LLC*,
    Civ. A. No. 4:09-2256, 2010 WL 2710676 (S.D. Tex. July 6, 2010) ................ 6

*Mooney v. Armco Servx. Co.*,
    54 F.3d 1207 (5th Cir. 1995) ..................................................................... 4, 6, 8

*Parker v. Rowland Express, Inc.*,
    492 F. Supp.2d 1195 (D. Minn. 2007) .............................................................. 6

*Perez v. Guardian Equity Mgmt, LLC*,
    Civ. A. No. H-10-0196, 2011 WL 2672431 (S.D. Tex. July 7, 2011) ............... 6

*Rincon v. B.P. Security & Investigations, Inc.*,
    Civ. A. No. H-06-538, 2006 WL 3759872 (S.D. Tex. Dec. 19, 2006) ....... 13, 14

*Rueda v. Tecon Servs., Inc.,*
    Civ. A. No. H-10-4937, 2011 WL 2566072 (S.D. Tex. June 28, 2011)............................10

*Schwartz v. MCI Telecomm. Corp.,*
    Civ. A. No. 4:98-CV-01574 (S.D. Tex. Feb. 17, 1999) ....................................................11

*Simmons v. T-Mobile USA, Inc.,*
    Civ. A. No. H-06-1820, 2007 WL 210008 (S.D. Tex. Jan. 24, 2007)................................6

*Songer v. Dillon Res., Inc.,*
    569 F. Supp.2d 703 (N.D. Tex. 2008) ..............................................................................8

*Stiles v. FFE Transp. Servs., Inc.,*
    Civ. A. No. 3:09-CV-1535-B, 2010 WL 935469 (N.D. Tex. Mar. 15, 2010).....................8

*Sushan v. University of Colorado,*
    132 F.R.D. 263 (D.Colo. 1990) ........................................................................................4

*Torres v. CSK Auto, Inc.,*
    Civ. No. EP-03-CA-113(KC), 2003 WL 24330020 (W.D. Tex. Dec. 17, 2003)..............13

*Vogt v. Texas Instruments, Inc.,*
    Civ. A. No. 3:05-CV-2244-L, 2006 WL 4660134 (N.D. Tex. Sept. 19, 2006)...........13, 14


**Statutes:**

29 U.S.C. § 216(b)...............................................................................................................2, 4, 15


**Rules:**

Fed. R. Civ. P. 23(a) ...................................................................................................................5

iv

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON FLOWERS, Individually and, On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-CV-01235 |
| MGTI, LLC a/k/a MO'S, STEAKHOUSE, NARF HOU, LLC a/k/a MO'S A PLACE FOR STEAKS, and JOHN A. VASSALLO, | § § § § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## DEFENDANTS' RESPONSE TO PLAINTIFFS'
## MOTION FOR CLASS CERTIFICATION AND EXPEDITED DISCOVERY

**TO THE HONORABLE JUDGE ROSENTHAL:**

Defendants, NARF HOU, LLC a/k/a MO'S A PLACE FOR STEAKS, and JOHN A. VASSALLO, file this Response to Plaintiffs' Motion for Class Certification and Expedited Discovery. Defendants' Response will show that Plaintiffs have not satisfied their burden of proof and, therefore, Plaintiffs' Motion should be denied. In the alternative, Defendants will show that Plaintiffs' requested relief should not be granted without reform. In support, Defendants respectfully show the following:

### I.      NATURE OF THE PROCEEDINGS

This litigation arises out of what Plaintiffs allege is a company-wide practice by Defendants MTGI, LLC a/k/a MO'S STEAKHOUSE, NARF HOU, LLC a/k/a MO'S A PLACE FOR STEAKS, and JOHN A. VASSALLO of under-compensation and illegal tip pooling. Specifically, Plaintiff alleges the following: Defendants (1) failed to pay her for all hours

worked, (2) failed to pay overtime wages as required by law, (3) improperly maintained a tip pool under which some of her tips were involuntarily shared with non-tipped employees such as expos; and (4) required her to utilize her tips for pay for, broken glasses, and walked tabs (Doc. 28, p. 4).

Plaintiffs now move for collective action certification under 29 U.S.C. § 216(b) and seek to notify other employees of Defendant's restaurants of their right to recover their allegedly "unpaid wages, unpaid overtime wages, and compensation lost due to the illegal tip pooling by joining this law suit." (Doc. 28, p. 4-5). In support of their motion for class certification, Plaintiffs attached lists of employees identified as "similarly situated" and submitted two affidavits: One of Ms. Flowers and one of Ms. Goen, both already plaintiffs in this law suit. From this, Plaintiffs request this Court certify this matter as a collective action and to authorize the mailing of the Notice to Potential Class Members and Opt-In Consent Form to all waiters, servers, and waitresses who were employed by Defendants at any time from April 6, 2008 through the present (Doc. 28, p. 21).

Additionally, Plaintiffs seek expedited discovery and an order compelling Defendants to "produce the last known addresses, phone numbers, dates of birth, and social security numbers of all servers, waiters, and waitresses who were employed by Defendants at any time within the three years immediately preceding the filing of this action (i.e., from April 6, 2008, through the present)." (Doc. 28, p. 20).

## II.    ISSUES PRESENTED

I.     Have Plaintiffs met their burden for certification of a collective action under section 216(b) of the FLSA?

II.    If so, are Plaintiffs entitled to include the Milwaukee Mo's A Place for Steaks location in the certification, despite no evidence pertaining to this location?

2

III.   Are Plaintiffs entitled to production of Defendants' employees' private information based on nothing more than the speculation that notices may be returned undeliverable?

## III.   SUMMARY OF ARGUMENT

Plaintiffs have failed to satisfy their burden of proof under either of two accepted analytical frameworks for determination of collective action certification.   Case law from this Circuit repeatedly emphasizes the importance courts place on sufficient supporting evidence from plaintiffs before a collective action certification may be granted.   The type and quantity of supporting evidence Plaintiffs offer in support of her Motion – lists of employees, names of employees with similar job responsibilities and affidavits of two party Plaintiffs – is not sufficient to support conditional certification of collective action.

Alternatively, Plaintiffs have not established an entitlement to inclusion of the Milwaukee Mo's A Place for Steaks.   Neither of the Defendants owns or operates the Milwaukee Mo's A Place for Steaks.   As such, neither Defendant employs any of the individuals working at the Milwaukee location.   Further, Plaintiffs have no evidence of any alleged FLSA violations at this location and have not identified any potential plaintiffs from this location.

Finally, Plaintiffs' request for production of Defendants' employees' dates of birth and Social Security numbers violates these individuals' privacy rights.   Plaintiffs have not given any substantive basis for this infringement and this request should be denied.

## IV.   ARGUMENT

### A.   CLASS CERTIFICATION UNDER SECTION 216(B) OF THE FAIR LABOR STANDARDS ACT

Section 216(b) states:

An action … may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.   No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is

3

filed in the court in which such action is brought.

29 U.S.C. § 216(b).  "Section 216(b) establishes an opt-in scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit." *McKnight v. D. Houston, Inc.*, 756 F. Supp.2d 794, 800 (S.D. Tex. 2010) (Rosenthal, J.).  District courts retain the discretion to determine whether to order notice to potential plaintiffs. *See id.*

Notice does not issue until a court conditionally certifies the case as a collective action. *See McKnight*, 756 F. Supp.2d at 800.  In making this determination, there are two generally recognized methods:  (1) the two-step approach first announced in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); and (2) the class action approach typified by *Sushan v. University of Colorado*, 132 F.R.D. 263 (D.Colo. 1990).  *See id.*  The Fifth circuit has expressly declined to designate one methodology over another. *See Mooney v. Armco Servx. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995).  Accordingly, both are addressed below.

**B.     PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF PROOF UNDER RULE 23 CLASS ACTION ANALYSIS**

Beginning with the class action approach, the District Court of Colorado first reasoned Rule 23 class action analysis is coextensive with the "similarly situated" collective action inquiry.  *See Sushan*, 132 F.R.D. at 266.  The court noted that while the opt-in feature of a section 216 collective action is irreconcilable with the opt-out feature of rule 23 class action suits, it does not necessarily follow that every other feature of rule 23 is similarly irreconcilable with section 216. *See id.* at 266.  Consequently, the court used Rule 23's class action analysis in its determination of whether to grant conditional collective action certification. *See id.* at 269.

In Plaintiff's Motion, the only analytical framework addressed is the *Lusardi* two-step approach.  Because Rule 23 Class Action analysis is still an accepted methodology in the Fifth circuit and due to the significant burden collective action certification will impose on

Defendants, Rule 23 class action analysis should be used in determining whether to grant collective action certification in this case.

Under Rule 23, a plaintiff must meet certain requirements in order to qualify for class certification:  (1) that the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) that the representative parties will fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a).

Plaintiffs have failed to address the requisite elements under Rule 23. Plaintiffs' Motion asserted that other "similarly situated" employees may be interested in joining the law suit, but presented no evidence that the class is so numerous that joinder of all members is impracticable or that the representative parties will fairly and adequately protect the interests of the class. Consequently, Plaintiffs have not met their burden under the Rule 23 analysis. For this reason, Plaintiffs' Motion should be denied.

### C.   PLAINTIFFS FAILED TO MEET THEIR BURDEN OF PROOF UNDER *LUSARDI*'S TWO-STEP APPROACH

In the event the court declines to utilize the more stringent requirements of Rule 23, Plaintiffs have still failed to meet their burden under the less stringent two-step approach announced in *Lusardi*. To be successful in a motion to certify collective action under the two-step or *Lusardi* method, a plaintiff must establish there are others who may wish to opt-in and who are "similarly situated" employees. *See, e.g., Garner v. G.D. Searle Pharm. & Co.,* 802 F.Supp. 418, 419 (M.D. Ala. 1991); *Hipp v. Libery Nat'l Life Ins. Co.,* 164 F.R.D. 574, 575-76 (M.D. Fla. 1996).

As this Court noted, "*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors

considered in the two-stage analysis." *McKnight*, 756 F. Supp.2d at 801 (quoting *Mooney*, 54 F.3d at 1213). "While the notice stage standard is lenient, it is not automatic." *Meyers v. Pioneer Exploration LLC*, Civ. A. No. 4:09-2256, 2010 WL 2710676, at *2 (S.D. Tex. July 6, 2010). Even this standard requires "substantial allegations that potential members were together the victims of a single decision, policy, or plan." *McKnight*, 756 F. Supp.2d at 801 (quotations omitted).

"At this stage, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *McKnight*, 756 F. Supp.2d at 801. In support of their assertion that putative plaintiffs exist in this case, Plaintiffs offer a list of employees currently employed with Defendants' restaurant and two affidavits of former employees who have already joined the lawsuit. This is insufficient to meet their burden.

### 1. List of Employees

"A plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit." *Perez v. Guardian Equity Mgmt, LLC*, Civ. A. No. H-10-0196, 2011 WL 2672431, at *8 (S.D. Tex. July 7, 2011) (citing *Parker v. Rowland Express, Inc.*, 492 F. Supp.2d 1195, 1165 (D. Minn. 2007)). The requirement to show more than the mere existence of other similarly situated employees reflects the court's understanding of the additional burden collective action certification will put on defendants. Put differently, "others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class member." *Simmons v. T-Mobile USA, Inc.*, Civ. A. No. H-06-1820,

2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007). Consequently, in determining whether Plaintiffs have met their burden of establishing the presence of "similarly situated" employees, courts have concluded that a mere list of potential plaintiffs is not sufficient to support collective action certification. *See e.g., Clark v. City of Fort Worth*, 800 F. Supp.2d 776, 778 (N.D. Tex. 2011). Instead, courts have required a factual basis for any conclusory assertion that other employees are "similarly situated." *Id.*

In support of her Motion, Plaintiffs provide "some names of other individuals that had the same duties and position as [Plaintiff] did" and "a list of employees who are similarly situated who were subjected to the same uniform payroll practices while in the employ of Defendants." (Doc. 28, p. 14-15). While Plaintiffs have provided names of employees with the same duties and positions of Plaintiffs, they failed to provide evidence that those employees were subject to the same pay *deficit* as Plaintiffs; rather, Plaintiffs only assert the employees listed were subject to the same uniform payroll *practices*. Notably, Plaintiff has provided no evidence as to whether any of the people on the employee list in fact worked overtime hours.

This is an important distinction which the *Clark* court highlighted. There, the court concluded that Plaintiffs had not met their burden to establish the presence of other "similarly situated" employees when the only supporting evidence presented was a list of other allegedly "similarly situated" employees and two non-party declarations expressing an interest in joining the lawsuit. *Id.* at 780-81. In the words of the court, "neither [plaintiff] alleges any factual basis for their conclusory assertion that other officers on the list worked more than forty hours per week, or that those officers failed to receive overtime pay for hours worked over forty at the convention center." *Id.*

Plaintiff has simply asserted that "there are other employees who should be given the

7

opportunity to 'opt-in' and that they are 'similarly situated' because they held the same or similar positions to that of Plaintiff and were subject to the same pay practices of Defendant." (Doc. 28, p. 14).   Based on the reasoning of the Northern District of Texas in *Clark*, as well as other supportive case law sited therein, Plaintiffs have not met their burden of establishing the existence of similarly situated plaintiffs who may wish to opt-in and who are "similarly situated" employees.

### 2.   Non-Party Affidavits

Generally, affidavits from potential plaintiffs are supportive of a plaintiff's assertion that there exist similarly situated employees who may wish to opt-in. *See Mooney*, 54 F.3d at 1214 n.8.   However, the attachment of only a few affidavits has been held insufficient by several courts. *See, e.g., Clark*, 800 F.Supp.2d at 780 (denying certification where only two additional non-party declarations were provided from officers expressing an interest in joining the action); *See also Songer v. Dillon Res., Inc.*, 569 F. Supp.2d 703, 707–08 (N.D. Tex. 2008) (denying certification where plaintiffs' affidavits identified only three potential plaintiffs); *Stiles v. FFE Transp. Servs., Inc.*, Civ. A. No. 3:09-CV-1535-B, 2010 WL 935469 (N.D. Tex. Mar. 15, 2010) (denying certification where only four potential plaintiffs identified).   The requirement for greater proof of interest by potential plaintiffs is to avoid imposing an unjustified burden on the Defense.

In support of their motion for class certification, Plaintiffs attach affidavits of only two employees, Ms. Flowers, who was the original Plaintiff in this case, and Ms. Goen, who has since joined the litigation. (Doc. 28-1; 28-3)  Notably, both of these women are current plaintiffs in this lawsuit.   In deciding whether to grant collective action certification, courts have been specifically concerned with the interests of non-parties. *See Clark*, 800 F.Supp.2d at 780.   Ms.

Goen is now a party to this lawsuit and, therefore, her affidavit is not supportive of Plaintiff's burden to show that other employees will join the lawsuit if collective action certification is granted.  However, if the Court does determine Ms. Goen's affidavit to be supportive of Plaintiffs' burden to show interest of potential plaintiffs, it alone is not enough to satisfy Plaintiff's burden.

Based on prior Fifth Circuit case law, a single affidavit expressing the interest of a potential plaintiff is not sufficient to meet the burden of proof required for conditional class certification, even in light of an accompanying list of employees. *See, Clark*, 800 F. Supp.2d at 780.  Without a showing of greater interest on the part of current or former employees, Defendants should not be burdened with the significantly increased cost of litigating a collective action lawsuit when a simple joinder of parties will satisfy Ms. Goen's interest in litigation.

### D.   IN THE ALTERNATIVE, PLAINTIFFS' REQUESTED COLLECTIVE ACTION CERTIFICATION SHOULD BE LIMITED TO THE HOUSTON MO'S A PLACE FOR STEAKS

Plaintiffs' Motion appears to seek the inclusion of the Mo's A Place for Steaks restaurants in both Houston and Milwaukee.  In the event that this Court grants Plaintiffs' Motion, her collective action certification should be confined to the Houston location, as there is no basis for the inclusion of the Milwaukee location.

Foremost, the Milwaukee Mo's is not owned or operated by Defendants.  (*See* Exhibit "A").  In short, the Milwaukee Mo's and the Houston Mo's are not under the same ownership structure.  As a result, the employees of the Milwaukee Mo's are not employees of Defendants. As Narf Hou, LLC and John A. Vassallo, the Defendants in this case, do not own or operate the Milwaukee Mo's, this, alone, is grounds for omitting the Milwaukee restaurant from Plaintiffs' requested collective action certification.

Moreover, Plaintiffs have not brought forth any basis for the inclusion of the Milwaukee location. None of Plaintiffs' evidence pertains to this location, as the affidavits provided are exclusively from former employees of the Houston Mo's. Instead, Plaintiffs simply claims, without any support, that this is "company-wide policy." (Doc. 28, p. 17).

"FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *Rueda v. Tecon Servs., Inc.*, Civ. A. No. H-10-4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011) (Rosenthal, J.). In *Rueda*, the three plaintiffs were employees at Tecon's Garrett Yard facility. *See id.* at *5. In addition to their claims of not receiving overtime at the Garrett Yard facility, "[e]ach asserted awareness 'of other workers who worked outside of Garrett Yard also complaining like me that they were not paid overtime wages and they were not paid for all hours that they worked.'" *Id.* Ultimately, this Court held that these affidavits did not support certification of Tecon employees outside the Garrett Yard facility. *See id.* "Reports that a company underpays overtime may suggest that the underpayment results from a common policy, but courts do not grant conditional certification without additional evidence that the plaintiffs are similarly situated." *Id.* Without sufficient evidence of a policy of denying overtime pay outside the Garrett Yard facility, the plaintiffs failed "to meet even the low burden required for conditional certification." *Id.*

Similarly, in *Schwartz v. MCI Telecommunications Corp.*, the plaintiff sought to certify a class in which he would represent employees at MCI's facilities in Texas and Virginia, although the plaintiff himself had only worked at MCI's Sugarland facility. *See Schwartz v. MCI Telecomm. Corp.*, Civ. A. No. 4:98-CV-01574 (S.D. Tex. Feb. 17, 1999) (attached as Exhibit "M" to Plaintiffs' Motion). In declining to include any facilities other than the one at which the plaintiff worked, the court held:

10

Schwartz, as observed above, moves for the conditional class to include also MCI employees in Richardson, Texas, and at the alleged location in the State of Virginia, presumably Frederick, Maryland. Not only is Schwartz not conversant with where each of MCI's other facilities is located, he has presented no facts whatever with respect to any purported violations of the Fair Labor Standards Act by MCI at any of its other locations. The recent decision in *Harper v. Lovett's Buffet, Inc.*, 1999 WL 39142 (M.D. Ala.) is instructive and was argued by the parties to the Court. In *Harper*, Chief Judge Albritton conditionally certified a class of hourly wage employees who worked at defendant's Dothan restaurant, where plaintiffs themselves worked, but declined conditionally to certify inclusion of employees who worked at other restaurants also owned by the defendant. In so holding the court observed:

> Plaintiffs have not made a showing that any hourly wage employee at any of Defendant's restaurants, other than at the restaurant in Dothan where the named, individual Plaintiffs and the individuals who have filed Notices of Consent to be a Party Plaintiff worked, was subjected to employment practices which potentially violated the FLSA.

*Id.* at *4. Likewise, in the instant case, Schwartz has not made any showing that nay of the persons employed in MCI's Provisioning divisions in Richardson, Texas, or in Frederick, Maryland, has been misclassified, as Schwartz contends is the case with himself, in order to avoid paying to those employees overtime wages to which they are entitled under the law.

In his affidavit Schwartz states that a MCI human resources generalist in Sugarland told Schwartz that 'the classification of employees in these three departments is made at the corporate level and he had no part of the decision at the local level.' From this Schwartz assumes that the same classifications must have been directed by corporate headquarters for facilities other than Sugarland. There is no proof of such, however, and, more importantly, no proof has been received that any of MCI's employees in Richardson, Texas and Frederick, Maryland are misclassified as exempt employees or that they have been required to work overtime without being compensated in accordance with law. Moreover, there is *no complaint* from any employees who work at the other facilities that their rights have been violated as Schwartz contends his have been in Sugarland. The purpose of a class action is to facilitate the litigation of numerous persons similarly situated who are actually aggrieved and have a complaint. The submissions on this motion simply fail to provide a basis to certify conditionally a class as broad as that sought by Schwartz.

*Id.* at 6-8 (emphasis in original).

Finally, yet another reason exists for excluding the Milwaukee Mo's restaurant from

11

collective action certification.  Plaintiffs failed to establish that any employees of the Milwaukee restaurant are interested in joining.  "Even when a common owner has only a few small locations, there must be at least some minimal showing that employees at other locations are interested in joining the suit." *McKnight*, 756 F. Supp.2d at 807 (citing *Detho v. Bilal*, Civ. A. No. H-07-2160, 2008 WL 1730542, at *6 (S.D. Tex. Apr. 10, 2008) (refusing certification for employees at a two-store chain when only evidence that employees at the other location were interested was the plaintiff's affidavit stating the she "'believes' there are other employees 'who may be interested in joining a collective action to recover for unpaid overtime compensation'"). Plaintiffs have not established that there are any employees of the Milwaukee Mo's restaurant which have an interest in joining this litigation.  All of the evidence submitted by Plaintiffs relates solely to the Houston location.  Accordingly, Plaintiffs' request for collective action certification of the Milwaukee Mo's A Place for Steaks may be denied on this ground as well.

### E.  PLAINTIFFS' REQUEST FOR DEFENDANTS' EMPLOYEES' SOCIAL SECURITY NUMBERS AND DATES OF BIRTH IMPERMISSIBLY INFRINGE ON THESE EMPLOYEES' PRIVACY INTERESTS WITHOUT SUFFICIENT JUSTIFICATION

As part of her Motion, Plaintiff requests expedited discovery, which seeks this Court to order Defendants "to produce the last known addresses, phone numbers, dates of birth, and social security numbers of all servers, waiters, and waitresses who were employed by Defendants at any time within the three years immediately preceding the filing of this action (i.e., from April 6, 2008, through the present)." (Doc. 28, p. 20).  However, at this stage, the disclosure of dates of birth and Social Security numbers represents an unwarranted and unjustified infringement on these individuals' privacy rights.  As such, if this Court grants Plaintiffs' request, it should be limited to putative class members' names and last known addresses.

Plaintiffs are not the first to request such information.  However, courts have generally

12

refrained from ordering the production of private information at the outset, particularly when the plaintiff has not established a substantive basis for his request. *See Rincon v. B.P. Security & Investigations, Inc.*, Civ. A. No. H-06-538, 2006 WL 3759872, at *3 (S.D. Tex. Dec. 19, 2006) (ordering immediate production of names, last known addresses and telephone phone numbers, with Social Security numbers and dates of birth to be provided for any class member whose notice is returned undeliverable); *Vogt v. Texas Instruments, Inc.*, Civ. A. No. 3:05-CV-2244-L, 2006 WL 4660134, at *4 (N.D. Tex. Sept. 19, 2006); *Torres v. CSK Auto, Inc.*, Civ. No. EP-03-CA-113(KC), 2003 WL 24330020, at *3 (W.D. Tex. Dec. 17, 2003) (district court was "disinclined to grant" plaintiff's request for social security numbers and phone numbers given the "privacy concerns implicit in information derived from personnel records"); *see also Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 179 (S.D.N.Y. 2011) (denying request for Social Security numbers on privacy grounds).

For instance, in *Vogt*, the Northern District of Texas dealt with a virtually identical request. *See Vogt*, 2006 WL 4660134 at *4. There, the plaintiff sought the production of names, last known addresses, phone numbers, and Social Security numbers of all putative class members. *See id.* The defendant objected on privacy grounds and argued that the discovery should be limited to the names and last known addresses. *See id.* The court held:

> The Court agrees with Defendant's concerns regarding the privacy of its employees. At this stage, Plaintiffs have not demonstrated a need for locating information beyond names and addresses.... If any notices are returned to Plaintiffs' counsel because the contact information is inaccurate, Plaintiffs may petition the District Court to order Defendant to produce the phone numbers and/or Social Security numbers of these potential opt-in plaintiffs.

*Id.*

Perhaps anticipating a challenge to this information, Plaintiffs argue that this information is necessary for them to confirm current addresses or to locate those who are no longer at their

13

last known address. (Doc. 28, p. 21). Further, Plaintiffs claim that, without this information, notices are likely to be returned undeliverable and will necessitate Plaintiffs returning to this Court for an extension of the opt-in period. (*See id.*). This nothing more than mere speculation on Plaintiffs' part. Further, while Plaintiffs complain of potentially having to return to this Court should notices be returned undeliverable, numerous courts have held that this is precisely how this should unfold. The reasoning is simple, an employee's privacy rights cannot take a backseat to a plaintiff's unsubstantiated speculation.

A request for Social Security numbers based on nothing more than a plaintiff's assertion that this information is necessary to perform skip traces on notices returned as undeliverable is "premature and invasive of the employees' privacy." *Guan Ming Lin*, 275 F.R.D. at 179. "This argument is insufficient to overcome the privacy concerns of the defendants; the plaintiffs can make a new request for this information if they find their efforts at disseminating notice are impeded by the lack of collective action members' social security numbers." *Id.* (citing *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) ("The Court does not see the need to direct the disclosure of social security numbers at this stage. If Plaintiffs find that a large number of notices are returned as undeliverable, the Court can consider the matter at that time."). Accordingly, it is only after a notice has been returned undeliverable that a request for date of birth or Social Security number is proper. *See Rincon*, 2006 WL 3759872 at *3; *Vogt*, 2006 WL 4660134 at *4; *Guan Ming Lin*, 275 F.R.D. at 179. Should this Court order expedited discovery, it should be limited to Defendant producing each putative class member's name and last known address.

## VI. CONCLUSION

For the foregoing reasons, the Court should (1) not grant conditional certification of this

14

matter as a collective action pursuant to 29 U.S.C. § 216(b); (2) not authorize mailing of the Notice to Potential Class Members and Opt-In Consent Form to all waiters, servers, and waitresses who were employed by Defendants; (3) not require Defendants' representative(s) to produce under oath and under penalty of perjury, the names, addresses, phone numbers, dates of birth and social security numbers all such class members so that notice may be timely implemented.  In the alternative, the Court should limit conditional certification of this matter as a collective action to the Houston location of Mo's A Place for Steaks.  Additionally, this Court should limit Plaintiff's requested expedited discovery to Defendants' employees' names and last known addresses.

Respectfully submitted,


_/s/ Gregory C. Rota_____
GREGORY C. ROTA
State Bar No.: 24000032
1301 McKinney Street, Suite 2700
Houston, Texas 77010
TELEPHONE: 713/333-4500
FACSIMILE:   713/333-4600
grota@ethlaw.com

ATTORNEY-IN-CHARGE FOR DEFENDANTS,
NARF HOU, LLC a/k/a MO'S A PLACE FOR
STEAKS, and JOHN A. VASSALLO


OF COUNSEL:

**EBANKS HORNE ROTA MOOS LLP**
1301 McKinney, Suite 2700
Houston, Texas 77010
TELEPHONE: 713/333-4500
FACSIMILE:   713/333-4600

15

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 7, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Melissa Moore**
**Rochelle Owens**
**Curt Hesse**
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002

/s/ Gregory C. Rota
GREGORY C. ROTA

16