IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON FLOWERS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1235 |
| | § | |
| MGTI, LLC a/k/a MO'S STEAKHOUSE; | § | |
| NARF HOU, LLC a/k/a MO'S A | § | |
| PLACE FOR STEAKS; and | § | |
| JOHN A. VASSALLO, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is a collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The plaintiffs—Sharon Flowers, Allison Kidd, and Morgan Goen—are servers at a Houston restaurant, Mo's A Place for Steaks ("Mo's Houston"). They allege that the defendants—Narf Hou, LLC a/k/a Mo's A Place for Steaks and John A. Vassallo[1]—failed to pay them for all the hours they worked; failed to pay them overtime for the hours they worked in excess of 40 hours in a work week; improperly maintained a "tip pool" that required them to share tips with employees who do not receive tips; and required them to use tips to pay for broken glasses and "walked tabs." (*See* Docket Entry No. 27). The plaintiffs allege that there are approximately 300 employees at Mo's Houston. The plaintiffs seek certification of a collective action of former and current servers, waiters, and waitresses at Mo's Houston and at Mo's A Place for Steaks located in Milwaukee ("Mo's Milwaukee"). They additionally seek expedited discovery to obtain names, last known

---

[1] The caption on the plaintiffs' first amended complaint also lists as a defendant MGTI, LLC a/k/a Mo's Steakhouse. MGTI, however, is not discussed at any other point in the complaint. (*See* Docket Entry No. 27). Nor is MGTI discussed in the pending motion for class certification and expedited discovery. (Docket Entry No. 28).

addresses, phone numbers, dates of birth, and social-security numbers. Finally, they seek issuance of notice. (Docket Entry No. 28). The defendants oppose the motion, arguing that the plaintiffs have failed to meet their burden of showing that certification is appropriate; that if certification is granted, it should be limited to Mo's Houston; and that the information required to be produced in expedited discovery should be limited to names and last-known addresses. (Docket Entry No. 29). The plaintiffs have replied. (Docket Entry No. 30).

Based on the record; the motion, response, and reply; and the applicable law, this court grants the plaintiffs' motion for certification of a collective action limited to servers, waiters, and waitresses—and excluding "expediters"—employed at Mo's Houston from April 6, 2008 to the present. This court declines to certify a collective action as to Mo's Milwaukee on the current record. By June 22, 2012, the defendants must disclose the names, current or last-known addresses, and telephone numbers, as well as the dates of employment of the servers, waiters, and waitresses who worked for Mo's Houston from April 6, 2008 to the present. Also by June 22, the parties must submit a proposed form of notice revised to be consistent with this order. The 90-day opt-in period will begin when this court approves the form of notice.

The reasons for these rulings are explained below.

**I.      The Conditional Certification Standard**

Under the FLSA, a covered employee must be paid one-and-one-half times the hourly rate for hours worked in excess of 40 hours in a work week. 29 U.S.C. § 207(a)(1); *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 476 (1948); *Houston Police Officers' Union v. City of Houston*, 330 F.3d 298, 300 (5th Cir. 2003); *Ransom v. M. Patel Enters., Inc.*, 825 F. Supp. 2d 799, 802 (W.D. Tex. 2011). Employees may bring suit under the FLSA against their employers:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) establishes an opt-in scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit. *See Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011); *Clarke v. Convergys Customer Mgmt. Grp., Inc.*, 370 F. Supp. 2d 601, 604 (S.D. Tex. 2005). District courts have discretion in deciding whether to order notice to potential plaintiffs. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 914 (S.D. Tex. 2010).

Notice does not issue unless a court conditionally certifies the case as a collective action. Courts recognize two methods to determine whether to authorize notice to similarly situated employees advising them of their right to join an FLSA collective action: the two-step *Lusardi* approach and the Rule 23-based *Shushan* approach. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990). Most courts, including district courts in this circuit, use *Lusardi*'s two-step approach, rather than *Shusan*'s Rule 23-based approach, as the preferred method for the similarly situated analysis, rather than the Rule 23 requirements. *See, e.g.*, *Andel v. Patterson-UTI Drilling Co.*, — F.R.D. —, 2012 WL 531167, at \*6 (S.D. Tex. 2012); *Marshall*, 272 F.R.D. at 449; *Villarreal*, 751 F. Supp. 2d at 915. As Judge Johnson has correctly explained:

> The *Lusardi* approach is consistent with Fifth Circuit dicta, stating that the two-step approach is the typical manner in which these collective actions proceed. *Sandoz v. Cingular Wireless LLC*, 553

> F.3d 913, 915 n.2 (5th Cir. 2008). The Fifth Circuit has also stated that "[t]here is a fundamental, irreconcilable difference between the class action described by [Rule 23] and that provided for by [Section 216(b)]," i.e., the "opt out" procedure for class members under Rule 23 as opposed to the "opt in" procedure under Section 216(b). *LaChappelle*, 513 F.2d at 288; *see also Donovan v. Univ. of Tex.*, 643 F.2d 1201, 1206 (5th Cir. 1981)[.]

*Andel*, 2012 WL 531167, at *6.

"*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the [two-stage] analysis." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995)). The first step is the "notice stage," in which the district court decides whether to issue notice to potential class members. *Id.* (citing *Mooney*, 54 F.3d at 1213–14). This decision often is based only on the pleadings and any supporting affidavits. *Id.* (citing *Mooney*, 54 F.3d at 1213–14). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in. *Mooney*, 54 F.3d at 1214 (internal footnote omitted); *McKnight*, 756 F. Supp. 2d at 801. But even this lenient standard requires "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Andel*, 2012 WL 531167, at *5 (quoting *Mooney*, 54 F.3d at 1214 & n.8); *McKnight*, 756 F. Supp. 2d at 801. At this step, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. *McKnight*, 756 F. Supp. 2d at 801 (collecting cases);

4

*accord, e.g.*, *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 6442, 647 (S.D. Tex 2010).

A factual basis for the allegations is needed to satisfy the first step. *McKnight*, 756 F. Supp. 2d at 801; *Xavier v Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877 (E.D. La. 2008). Specifically, the plaintiff must demonstrate "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight*, 756 F. Supp. 2d at 801 (quoting *Barron v. Henry Cnty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003)); *Tolentino*, 716 F. Supp. 2d at 647. "A court may deny conditional certification and notice if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Tolentino*, 716 F. Supp. 2d at 647; *accord McKnight*, 756 F. Supp. 2d at 801. If a court conditionally certifies a class under the first step, the action proceeds as a collective action during discovery. *McKnight*, 756 F. Supp. 2d at 801 (citing *Mooney*, 54 F.3d at 1214); *Xavier*, 585 F. Supp. 2d at 878.

The second step typically occurs after the parties have largely completed discovery and the defendant moves to decertify the conditionally certified class. The court then must make a factual determination as to whether the claimant employees are indeed similarly situated. At this step,

> courts generally consider the following factors when determining whether a lawsuit should proceed collectively: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.

*Falcon v. Starbucks Corp.*, 580 F. Supp. 2d at 534 (S.D. Tex. 2008) (collecting cases). If the court makes a similarly-situated finding, the collective action may continue. *McKnight*, 756 F. Supp. 2d at 802 (citing *Mooney*, 54 F.3d at 1214); *Xavier*, 585 F. Supp. 2d at 878. If not, the court must decertify the class, dismiss the opt-in plaintiffs without prejudice, and allow the original plaintiffs

to proceed on their individual claims. *McKnight*, 756 F. Supp. 2d at 802 (citing *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 508 (M.D. La. 2005); *Xavier*, 585 F. Supp. 2d at 878.

**III.   Analysis**

This case is at the first step: whether a collective action should be conditionally certified and notice should be issued. As discussed, the plaintiffs must demonstrate some identifiable facts or legal nexus binding the claims so that hearing the cases together promotes judicial efficiency. The plaintiffs have submitted affidavits from Morgan Goen and Sharon Flowers. These affidavits provide a sufficient factual basis for finding that servers, waiters, and waitresses at Mo's Houston were subject to the following practices:

- working hours for which they were not paid, including pre- and post-shift work, attending mandatory meetings, training, and working John Vassallo's private parties;

- regularly working more than 45 hours per week, without being paid overtime rates for the hours worked in excess of 40 hours in a workweek;

- sharing tips in a "pool" with employees who did not customarily receive tips, such as "expediters," who garnished plates and announced that orders were ready; and

- paying, out of tips, for broken glasses and tabs that customers "walked."

(Docket Entry No. 28, Exs. A, C).

Conditional certification and issuance of notice is warranted. *See McKnight*, 756 F. Supp. 2d at 802 ("Ordinarily, at this stage, the parties have presented only affidavits and have often conducted no discovery."). At the second stage—whether the collective action should be decertified—the plaintiffs must meet "the more onerous standard" required to maintain collective

proceedings.  *Id.*[2]

The record does not, however, show a sufficient basis to extend certification to Mo's Milwaukee.  The only evidence in the record is that Mo's Houston and Mo's Milwaukee are owned by separate limited liability corporations.  (Docket Entry No. 29, Ex. A).[3]  "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice."  *Rueda v. Tecon Servs., Inc.*, Civ. A. No. H-10-4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011) (citing *Trinh v. J.P. Morgan Chase & Co.*, No. 07-CV-1666 W(WMC), 2008 WL 1860161, at *4 (S.D. Cal. Apr. 22, 2008)); *see also Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 363 (M.D. Ala. 1999) (finding that the plaintiffs had failed to show that employees working at locations other than the named plaintiffs' location were similarly situated); *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 948 (M.D. Fla. 1994) (same).  That is not to suggest that "geographic commonality is . . . necessary to meet the 'similarly situated' requirement for a FLSA collective action; instead the focus is on whether the employees were impacted by a common policy."  *Vargas v. Richardson Trident Co.*, Civ. A. No. H-09-1674, 2010 WL 730155, at *6 (S.D. Tex. Feb. 22, 2010) (collecting cases).  If there is a reasonable basis to conclude that the same policy applies to multiple locations of a single company, certification is appropriate.  *Rueda*, 2011 WL 2566072, at *4; *see also id.* (certifying a class across multiple locations based on the affidavit of one employee that the company's policies extended to other locations); *Blake v. Colonia Savings, F.A.*,

---

[2] The defendants argue that the plaintiffs should be required to submit nonparty affidavits—affidavits from *potential* opt-in class members—that "are supportive of a plaintiff's assertion that there exist similarly situated employees who may wish to opt-in."  (Docket Entry No. 29, at 8).  The cases applied to the current record do not make this a requirement.

[3] In an affidavit, John Vassallo—one of the defendants in this lawsuit—states that he does not own or operate Mo's Milwaukee "in [his] individual capacity[.]" (Docket Entry No. 29, Ex. A).  It is unclear, however, whether Vassallo owns or operates Mo's Milwaukee through that restaurant's corporate parent.

Civ. A. No. H-04-0944, 2004 WL 1925535, at *2 (S.D. Tex. Aug. 16, 2004) (approving notice to loan officers in the defendant's Dallas office and those in remote locations based on evidence that the company's policies extended to all locations). The present record, however, contains no evidence that the complained-of policies or practices at Mo's Houston are policies or practices at Mo's Milwaukee. To the extent the plaintiffs seek collective-action certification of Mo's Milwaukee in addition to Mo's Houston,[4] the request is denied.

The plaintiffs' motion for expedited discovery is granted, but only as to the names and current or last-known addresses and telephone numbers of servers, waiters, and waitresses at Mo's Houston from April 6, 2008 to the present. The requests for social-security numbers and dates of birth are overbroad and unsupported by the current record. *See, e.g.*, *Rosario v. Valentine Avenue Discount Store, Co.*, — F. Supp. 2d —, 2011 WL 5244965, at *11 (E.D.N.Y. 2011); *Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 179 (S.D.N.Y. 2011). If, however, notices are returned to plaintiffs' counsel as undeliverable, the plaintiffs may request an order requiring the defendants to produce social-security numbers and dates of birth for these individuals.[5] *See, e.g.*, *Rosario*, 2011 WL 5244965, at *11; *Rincon v. B.P. Security & Investigations, Inc.*, No. Civ. A. H-06-538, 2006 WL 3759872, at *2 (S.D. Tex. Dec. 19, 2006).

## IV. Conclusion and Order

This court grants the motion for certification of a collective action consisting of servers, waiters, and waitresses—excluding "expediters"—employed by Mo's Houston from April 6, 2008 to the present. By June 22, 2012, the defendants must disclose the names and current or last-known

---

[4] In their reply, the plaintiffs appear to abandon (at least presently) their effort to include servers, waiters, and waitresses of Mo's Milwaukee. (See Docket Entry No. 30, at 2 n.3).

[5] The plaintiffs are amenable to this compromise. (*See id.*).

addresses and telephone numbers, as well as the dates of employment, for these individuals. Also by June 22, the parties must also submit a proposed form of notice revised to be consistent with this order. The 90-day opt-in period will begin when this court approves the form of notice. The notice must promptly be mailed to potential class members by first-class U.S. mail, with copy sent to the defendants' counsel, and must include a notice of consent and an addressed and postage-prepaid return envelope.

SIGNED on May 29, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge